■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN MORRIS, Appellant. [801 NYS2d 292]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered December 10, 1997, convicting defendant, after a jury trial, of burglary in the first degree and two counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 18 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification.

The court properly exercised its discretion in precluding evidence suggesting that the instant crime might have been committed by an unidentified serial criminal. Defendant's exoneration of two rapes that were committed in the same neighborhood shortly after the push-in robbery in this case, where the rapes bore some similarities to the instant burglary, as well as significant differences, and where one of the victims identified defendant as the perpetrator, raised only a suspicion or surmise that

the man who committed the rapes committed the instant crimes. Since there was no evidence linking the rapes with the instant burglary, the proffered evidence was speculative and lacking in probative value (*see People v Primo*, 96 NY2d 351 [2001]; *People v Collins*, 8 AD3d 56 [2004], *lv denied* 3 NY3d 672 [2004]). Inasmuch as defendant did not assert a constitutional right to introduce the excluded evidence, his constitutional argument is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

Defendant's contention that he was deprived of effective assistance of counsel is not reviewable on direct appeal since it involves matters outside the record concerning counsel's trial tactics (*see People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance under both the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Sullivan, J.P., Ellerin, Nardelli and Sweeny, JJ.