■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TORRES, Appellant. [824 NYS2d 280]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered June 16, 2004, convicting defendant, after a jury trial, of rape in the first degree and third degrees, and sentencing him to an aggregate term of five years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility.

Defendant raised an issue at trial as to whether he could have attacked the victim in the manner in which she alleged, given that she was bigger than him. Accordingly, the court properly exercised its discretion in admitting expert testimony about defendant's training, as a peace officer with a New York City agency, in restraint techniques (*see generally People v Taylor*, 75 NY2d 277 [1990]). The expert testimony was relevant, and it was not likely to be within the knowledge of the average juror. The testimony about the relationship between gender differences and upper body strength was improperly received as such knowledge was within the ken of the average juror. However, such error was harmless.

Defendant did not preserve his challenge to testimony that the victim saw him in possession of a firearm and in a police-type uniform on various occasions before the incident, and we decline to review it in the interest of justice. Furthermore, without concluding the testimony was erroneously admitted, any possible prejudice to defendant was eliminated by the court's limiting instructions, which included, among other things, a statement that defendant's possession of a weapon was lawful.

Defendant's ineffective assistance of counsel claims are

unreviewable on direct appeal because they involve matters outside the record concerning trial counsel's strategic choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). With respect to defendant's claim that his trial counsel should have made various objections, we conclude that such objections would have been unavailing, and that counsel's failure to make them did not cause defendant any prejudice or deprive him of a fair trial. Concur— Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.