THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS DeLaRosa, Appellant. [828 NYS2d 55]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered December 6, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in

the second degree and conspiracy in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 7 years to life and 6 to 12 years, respectively, unanimously affirmed.

Defendant claims that he received ineffective assistance when, in support of his alibi defense, his trial counsel introduced a videotape made by defendant's friend, which allegedly resulted in prejudice to defendant because a prosecution rebuttal witness demonstrated that the tape was altered. However, the reasonableness of counsel's conduct in this regard turns on matters that are not reflected in the record, including the information available to counsel concerning the authenticity of the tape (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even if we were to find that counsel should have conducted a further investigation into the authenticity of the tape before introducing it, we would find that defendant has not shown that counsel's introduction of the tape caused him any prejudice or deprived him of a fair trial. We find unpersuasive defendant's argument that the alteration of the tape undermined his alibi, bolstered the People's case and suggested his consciousness of guilt. The videotape was only one portion of defendant's alibi defense, which was also supported by documentary evidence. Moreover, the most significant portion of the tape was unaltered, and the altered portion had little or nothing to do with the alibi. Furthermore, the People presented extensive evidence of defendant's guilt. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.