■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAQUAN BROWN, Appellant. [831 NYS2d 37]—Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 1, 2005, convicting defendant, after a jury trial, of bail jumping in the second degree, and sentencing him to a term of $1^1/_3$ to 4 years, unanimously affirmed.

Defendant's ineffective assistance claims concerning counsel's choice of trial strategy are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). "Counsel may not be expected to create a defense when it does not exist" (*People v DeFreitas*, 213 AD2d 96, 101 [1995], *lv denied* 86 NY2d 872 [1995]). Defendant's implausible excuse for his failure to appear in court was not a legally cognizable defense to bail jumping, even if believed (*see People v Mitchell*, 196 AD2d 401, 402-403 [1993], *lv denied* 82 NY2d 757 [1993]). Nevertheless, counsel was able to place defendant's explanation before the jury in an effort to develop sympathy.

Likewise, counsel provided effective assistance at sentencing, and there is no reason to remand for resentencing. Defendant could not have been prejudiced by the deficiencies that he claims his counsel exhibited at the sentencing proceeding. Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.