■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HAYES, Appellant. [877 NYS2d 28]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered July 10, 2007, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

Defendant's motion for a trial order of dismissal was insufficiently specific to preserve his present challenge to the legal insufficiency of the evidence supporting his weapon possession conviction (*see People v Hawkins*, 11 NY3d 484, 492 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Evidence including, among other things, an incriminating photograph supported the conclusion that defendant was a member of a drug-selling operation conducted out of an apartment, and that he and the other participants jointly possessed a pistol in connection with their drug enterprise (*see People v Tirado*, 38 NY2d 955 [1976]).

Defendant's claim that his trial counsel rendered ineffective assistance by failing to request certain limiting instructions regarding the jury's use of the photograph depicting defendant holding a pistol is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). In particular, counsel may have had a strategic reason for accepting the limiting instruction the court actually delivered, which was arguably quite favorable to defendant, and refraining from asking for a different instruction. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that his counsel's acceptance of the court's instruction was unreasonable, or that it caused him any prejudice or deprived him of a fair trial.

We have considered and rejected defendant's pro se claims.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.