■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN POLLARD, Appellant. [912 NYS2d 192]—Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered February 5, 2009, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of five years, unanimously affirmed.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategic reasons for declining to employ a justification defense (*see People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown the "absence of strategic or other legitimate explanations" for counsel's choice of defenses (*see People v Rivera*, 71 NY2d 705, 709 [1988]). A justification defense would have had little or no hope of success unless the jury was persuaded that even though defendant swung a knife at his unarmed opponent that cut him just below the heart, this did not constitute deadly physical force as defined in Penal Law § 10.00 (11). Moreover, a competent attorney might have concluded that his client was better off with the jury not knowing about the legal limitations on the use of deadly physical force (*see* Penal Law § 35.15 [2] [a]). Defendant has not shown either that his attorney should have pursued a justification defense, or that the absence of such a defense caused him any prejudice.

Defendant's challenge to the court's denial of his request for substitution of his original counsel is moot because the Legal Aid Society assigned him a new attorney, who represented him at trial. Defendant has not established that he ever made an express or implied request to replace the second attorney as

well, or that there was any reason for the court to inquire into that attorney's representation of defendant. Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.