■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EULOGIO OCASIO, Appellant. [973 NYS2d 614]—

Judgment, Supreme Court, Bronx County (Nicholas J. Iacovetta, J.), rendered February 15, 2011, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 18 years to life, and otherwise affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Although there was a colloquy at which counsel conceded that the court's decision not to charge justification was correct, the unexpanded record does not fully explain counsel's strategic decisions. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of his claim may not be addressed on appeal.

In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant faults his trial counsel for failing to request a justification charge, and for allegedly presenting no defense at all. However, as the court itself observed, defendant was not entitled to a justification charge. Defendant shot an unarmed man, and there was no evidence to support a claim that defendant reasonably believed that the victim was about to use deadly physical force (*see generally People v Goetz*, 68 NY2d 96 [1986]). A justification defense would have asked the jury to speculate as to an alternative set of facts not supported by the evidence. Accordingly, it was reasonable for

counsel to refrain from asking for that charge, as an attorney cannot be deemed ineffective for failing to pursue a course of action with little or no chance of success (*see People v Stultz*, 2 NY3d 277, 287 [2004]).

Furthermore, the strategy that counsel did pursue was objectively reasonable under the circumstances of the case. Although "[c]ounsel may not be expected to create a defense when it does not exist" (*People v DeFreitas*, 213 AD2d 96, 101 [1995], *lv denied* 86 NY2d 872 [1995]), here defendant's attorney did present a defense, which contested the element of intent and also employed a jury nullification strategy (*see People v Zayas*, 89 AD3d 610, 611 [1st Dept 2011], *lv denied* 18 NY3d 964 [2012]; *see also Anderson v Calderon*, 232 F3d 1053, 1087, 1089 [9th Cir 2000], *cert denied* 534 US 1036 [2001]) that appealed to sympathy for defendant and prejudice against the victim, who had allegedly bullied defendant in the past. In effect, counsel was asking the jury to apply a theory of justification based on general considerations of fairness and morality. Counsel may have reasonably concluded that even if he could have persuaded the court to instruct the jury on justification despite its stated inclination to the contrary, the language of the charge might have undermined counsel's strategy by focusing the jury on the legal requirements for the use of deadly physical force (*see People v Pollard*, 78 AD3d 618 [1st Dept 2010], *lv denied* 17 NY3d 799 [2011]).

In any event, regardless of whether counsel should have requested a justification charge, defendant has not shown a reasonable probability that the request would have been granted or that, if granted, it would have affected the outcome.

In view of defendant's age and declining health, we find the sentence excessive to the extent indicated. Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.