THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONDELL SQUIRE, Appellant. [982 NYS2d 23]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered May 17, 2011, as amended July 6, 2011, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.

The People established an overriding interest that warranted a limited closure of the courtroom (*see Waller v Georgia,* 467 US 39 [1984]; *People v Echevarria,* 21 NY3d 1, 11-14 [2013]). Although defendant insists that the court did not conduct an appropriate hearing, it is clear that it relied on a sufficient factual predicate and made specific findings based on that information. Recorded telephone calls made by defendant while incarcerated demonstrated that defendant was engaged in a campaign to identify and murder any potential witnesses to his crime, which culminated in the near-fatal shooting of one of the two identifying witnesses. This evidence compelled the inference that the second witness would be in grave danger as soon as his identity was revealed, much like the situation described in *People v Sweeper* (122 Misc 2d 386 [Sup Ct, NY County 1984]), and there was nothing speculative about such an inference.

Since the evidence of an objective danger to the witness provided an overriding interest warranting closure, it was not necessary to establish that the witness had a subjective fear of testifying in open court. Under the circumstances, even if the witness had foolishly disclaimed any fear of open-court testimony, closure would have been warranted nonetheless.

The closure was limited to the testimony of the witness at issue (defendant having consented to closure during the other identifying witness's testimony), and the court permitted defendant's family and certain other persons to attend. A fair reading of the court's ruling is that the court concluded that no further alternative would have protected the witness's safety (*see Echevarria,* 21 NY3d at 18-19). We have considered and rejected defendant's remaining arguments on the closure issue.

The court properly exercised its discretion in admitting the above-described recorded calls as evidence of defendant's consciousness of guilt. Defendant's involvement in the shooting of one witness and in efforts to silence all potential witnesses was readily inferable from the contents of the calls and circumstances in which they were made (*see People v Jones,* 21 NY3d

449, 456 [2013]). In these phone calls, references to potential witnesses and attempts to murder them were thinly veiled by coined phrases that the jurors could have easily understood by means of context and their own common sense. For example, any juror of ordinary intelligence could have deduced that defendant's mention of "no flowers" referred to the fact that a witness survived an assassination attempt and thus did not require a funeral.

No expert testimony was necessary to decipher the calls, because, as indicated, the calls could be deciphered on the basis of context and common sense. Furthermore, it is not clear that there would have been anything for an expert to testify about. There is no indication that in the phone calls defendant was using some kind of standard jargon used generally by persons engaged in similar criminal activity, of a type that can be explained by an expert familiar with such code.

Defendant did not preserve his claim that the prosecutor acted as an expert witness on this subject, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits because the remarks at issue were fair comments on the evidence and proper efforts to ask the jurors to draw reasonable inferences (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's failure to object to the prosecutor's summation or to the absence of expert testimony fell below an objective standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome of the case (*compare People v Cass*, 18 NY3d 553, 564 [2012], *with People v Fisher*, 18 NY3d 964 [2012]). Concur—Saxe, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.