■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATOINE MARSHALL, Appellant. [66 NYS3d 16]—

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered September 16, 2015, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the first-degree robbery conviction to 16 years with 5 years' postrelease supervision, and otherwise affirmed.

After defendant elicited a portion of a statement made by the victim to a detective after the robbery, the court providently exercised its discretion in permitting the People to elicit additional portions of the statement that "did no more than to explain, clarify and fully elicit a [statement] only partially examined by the defense" (*People v Ochoa*, 14 NY3d 180, 186 [2010]). Defendant's selective use of certain portions of the

victim's statement tended to suggest that the victim had given the detective an account of the robbery that was very different from the victim's trial testimony, and the court properly allowed the People to correct that false impression.

The court also properly exercised its discretion in admitting recorded telephone calls, made by defendant while incarcerated, whose overall subject matter was defendant's efforts to induce others to engage in witness tampering. This evidence tended to demonstrate defendant's consciousness of guilt (*see e.g. People v Squire,* 115 AD3d 454, 455-456 [1st Dept 2014], *lv denied* 23 NY3d 1043 [2014]). Defendant's principal argument is that portions of these calls were not probative of his consciousness of guilt and were prejudicial. However, we find that the portions at issue had a sufficient connection to the pattern of witness tampering, provided relevant background and context, and were not unduly prejudicial.

In any event, we find that any error regarding the victim's statement to the police, or defendant's phone calls, was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

We find the sentence excessive to the extent indicated. Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.