The People of the State of New York, Respondent, v Joshua Nowrang, Appellant. [992 NYS2d 407]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered January 10, 2008, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence was overwhelming. The circumstantial proof led to the inevit-

able conclusion that it was defendant, and not some unknown perpetrator, who killed defendant's wife, dismembered her body, and disposed of the body parts.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]), concerning defense counsel's strategic decisions. This is not one of the rare cases where the trial record itself permits review of an ineffective assistance of counsel claim challenging counsel's strategy. Among other things, counsel may have reasonably concluded that lengthy cross-examinations and futile objections would have been counterproductive. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of his ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (*compare People v Cass*, 18 NY3d 553, 564 [2012], *with People v Fisher*, 18 NY3d 964 [2012]).

Defendant's hearsay claims are rejected. The evidence at issue was not admitted for its truth, but for legitimate nonhearsay purposes (*see People v Bierenbaum*, 301 AD2d 119, 145-146 [1st Dept 2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]), and the court provided thorough limiting instructions. Concur—Friedman, J.P., Acosta, Saxe, Gische and Kapnick, JJ.