■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELLIME NASHER, Appellant. [2 NYS3d 118]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered December 21, 2010, convicting defendant, after a nonjury trial, of robbery in the second degree, burglary in the third degree and criminal impersonation in the first degree, and sentencing him to an aggregate term of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence for the robbery conviction to a term of eight years, resulting in a new an aggregate term of eight years, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence established the element of force required for the robbery conviction. The unlawful entry element of burglary was established by evidence that defendant entered the nonpublic portion of a store. Defendant's argument that this theory was unsupported by the indictment or otherwise invalid is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

Defendant's ineffective assistance of counsel claims, including those raised in his pro se brief, are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's conduct of the case fell below an objective standard of reasonableness, particularly given counsel's inability to consult with his client, who had absconded and was tried in absentia. Defendant has also failed to establish that counsel's conduct deprived defendant of a fair trial or affected the outcome of the case.

We find the sentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.