(May 8, 2007)

■ The People of the State of New York, Respondent, v Robert Washko, Appellant. [836 NYS2d 37]—

Judgment, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered November 14, 2005, convicting defendant, after a jury trial, of grand larceny in the second degree and criminal possession of stolen property in the second degree, and sentencing him to concurrent terms of 1 to 3 years, with an aggregate fine of $10,000 and restitution in the amount of $372,582, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant, as comptroller and chief financial officer of his company, caused unauthorized payments of company funds to

be made to himself and to another person. The jury properly rejected defendant's claim that he was entitled to these funds, as well as his other attempts to provide innocent explanations for incriminating evidence.

The prosecutor offered certain documents as business records, and after defense counsel's cross-examination highlighted the fact that these records were altered, the prosecutor then introduced them under the theory that defendant made the alterations himself in furtherance of the crime. "Even assuming that defendant was unfairly and prejudicially surprised by the [change of theory], the court's generous offer of a mistrial was more than enough to rectify the surprise, and by declining that offer, and insisting only upon the unduly drastic remedy of [precluding the documents], defendant waived any claim that there should be a retrial" (*People v Carrero*, 216 AD2d 148 [1995], *lv denied* 86 NY2d 791 [1995] [citations omitted]; *see also People v Miller*, 41 NY2d 857 [1977]). By declining a mistrial, defendant likewise waived his various constitutional claims related to these documents, including his meritless assertions that the People's conduct resulted in "conflicted counsel" or "deprivation of counsel."

Defendant's claim that his counsel provided ineffective assistance by declining the court's offer of a mistrial is unreviewable on direct appeal because it involves matters outside the record concerning the reasons for this tactical decision (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the present record, defendant has not established that his attorney failed to provide effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Tom, J.P., Williams, McGuire, Malone and Kavanagh, JJ.