■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME PERRY, Appellant. [11 NYS3d 597]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered November 20, 2012, as amended December 13, 2012, convicting defendant, after a jury trial, of robbery in the first and second degrees and assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

Defendant argues that he was deprived of the right to trial by a jury in whose selection he had a say when the court excused a juror during deliberations without consulting with defense counsel in advance (see CPL 270.35 [2] [b]). On October 29, 2012, during jury deliberations, Hurricane Sandy hit New

York City and court was closed for several days. On November 5, 2012, the court called the jurors to confirm their availability to continue to serve. The court excused one juror during an off-the-record telephone conversation, after the juror informed the court that he was leaving the country to be with a sick grandparent.

The trial resumed on November 7, 2012. The court noted on the record that the excused juror had informed the court that he had a flight scheduled for that day, and that the court had called the juror that morning but could not reach him. Defense counsel objected to the court's discharge of the juror without first consulting with counsel.* Counsel informed the court that, against her advice, defendant wanted deliberations to continue with the remaining 11 jurors. Defense counsel stated that she had told defendant "a number of times that I do not think we should go forward with 11," but defendant was "extremely insistent," was "tired of this process," and did "not want to retry the case." The court confirmed with defendant on the record that he wanted to continue with 11 jurors, and defendant executed a written waiver of a 12-person jury. Defense counsel also signed the written waiver.

Although the court should have given defense counsel an opportunity to be heard before it excused the juror (*see* CPL 270.35 [2] [b]), defendant entered a knowing, voluntary, and intelligent waiver of his right to a 12-person jury (*see People v Gajadhar*, 9 NY3d 438, 446-448 [2007]). Defense counsel stated that she had discussed with defendant the possibility of a retrial, and that defendant rejected that option (*see People v Washko*, 40 AD3d 277, 278 [1st Dept 2007], *lv denied* 9 NY3d 870 [2007]). The court questioned defendant on the record and confirmed that he had discussed his decision with counsel, and that he understood but rejected counsel's advice. As defense counsel stated, defendant was insistent that deliberations continue with an 11-person jury. Defendant "must accept the decision he knowingly, voluntarily and intelligently made" (*Gajadhar*, 9 NY3d at 448 [internal quotation marks omitted], quoting *People v Henriquez*, 3 NY3d 210, 216-217 [2004]). Further, there is no reason to doubt defendant's mental capacity to make such a waiver. Defendant had been found competent after CPL article 730 examinations, and the court confirmed on the record that he was taking his psychiatric medication and understood the proceedings.

---

* The record indicates that there was an off-the-record discussion with defense counsel on November 5, 2012, but it is not clear if that happened after the juror was discharged.

Finally, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that defendant used a knife or other sharp object in the commission of the robbery. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.

