■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANETHZA CRUZ, Appellant. [17 NYS3d 27]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered October 21, 2010, convicting defendant, after a jury trial, of assault in the first degree, and sentencing her to a term of five years, unanimously affirmed.

Defendant did not preserve her challenge to the sufficiency of the evidence supporting the element of serious physical injury, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The element of serious physical injury was satisfied by evidence supporting the conclusion that the wound inflicted by defendant caused serious disfigurement to the victim's face (*see People v McKinnon*, 15 NY3d 311, 315-316 [2010]). Photographs, medical testimony, testimony from the victim, and reasonable inferences to be drawn from the evidence support the conclusion that at the time of trial, years after the crime, the victim still had a prominent and distressing facial scar (*see e.g. People v Matos*, 121 AD3d 545 [1st Dept 2014], *lv denied* 24 NY3d 1121 [2015]).

Defendant's challenges to evidence concerning a knife found at the scene of the crime, to evidence of her consciousness of guilt, to the prosecutor's summation, and to the court's charge are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits, except that we find that while a jury charge on

consciousness of guilt would have been appropriate, any error was harmless (*see People v Valtin*, 284 AD2d 203 [1st Dept 2001], *lv denied* 97 NY2d 643 [2001]).

Defendant's ineffective assistance of counsel claims are generally unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including matters of strategy, such as counsel's decision to introduce into evidence the knife that defendant now claims to be inadmissible (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. While defendant faults her attorney for failing to make various objections, we conclude that those objections would have been futile. Concur—Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.