■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STEPHENS, Appellant. [39 NYS3d 443]—

Judgments, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 26, 2014, convicting defendant, after a jury trial, of burglary in the second degree, grand larceny in the third degree and petit larceny, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

The court properly granted consolidation of indictments involving similar thefts, committed a few weeks apart, in which defendant used his position as a cable technician to obtain access to the victims' apartments. The court properly consolidated the indictments pursuant to CPL 200.20 (2) (b) based on mutu-

ally admissible evidence to demonstrate identity, intent, or absence of mistake or accident (*see generally People v Rojas*, 97 NY2d 32, 36-37, 37 n 3 [2001]). Contrary to defendant's assertion, identity was at issue at trial because although he admitted being in the buildings on the dates in question, he disputed having perpetrated the crimes (*see People v Agina*, 18 NY3d 600, 604-605 [2012]). The court also properly granted consolidation pursuant to CPL 200.20 (2) (c) because the grand larceny and petit larceny charges were "defined by the same or similar statutory provisions" and the burglary charge was "intertwined with" the grand larceny charge (*People v McNeil*, 39 AD3d 206, 207 [1st Dept 2007]). Furthermore, defendant did not establish that the exception set forth in CPL 200.20 (3) should apply. We have considered and rejected defendant's remaining arguments relating to joinder and consolidation.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record concerning counsel's strategy in examining witnesses (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

Defendant's remaining claims do not warrant reversal. To the extent that curative actions were required, the court took actions that were sufficient to prevent defendant from being prejudiced by any improper evidence or remarks. Concur— Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.