(November 1, 2016)

■ The People of the State of New York, Respondent, v Lawrence Watson, Appellant. [40 NYS3d 398]—

Upon remittitur from the Court of Appeals for further consideration (26 NY3d 620 [2016]), judgment, Supreme Court, New York County (Richard D. Carruthers, J., at substitution of counsel ruling; Juan M. Merchan, J., at jury trial and sentencing), rendered October 29, 2010, convicting defendant of criminal possession of a weapon in the second degree (two counts) and resisting arrest, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

Defendant's right of confrontation was not violated when the trial court imposed reasonable limitations upon the scope of defense counsel's cross-examination of one of the People's witnesses. Indeed, defense counsel expressly agreed to the court's limitations regarding certain confidential matters. Thus, defendant's present argument that these limitations violated his right of confrontation is unpreserved, and we decline to review it in the interest of justice.

As an alternative holding, we find that the restriction imposed by the court was a proper exercise of discretion (*see People v Corby*, 6 NY3d 231, 234-235 [2005]) that did not violate defendant's constitutional rights (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). The "trial court has discretion to determine the scope of the cross-examination of a witness" (*People v Corby*, 6 NY3d at 234). Further, the trial court may "impose reasonable limits on such cross-examination

based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant" (*Delaware v Van Arsdall*, 475 US at 679). The witness' motivation in testifying was readily apparent to the jury from the permitted line of inquiry, and any additional inquiry would have raised concerns surrounding the witness' safety.

To the extent that defendant is raising an ineffective assistance of counsel claim regarding counsel's acceptance of the court's compromise ruling, that claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Moskowitz, Richter and Kapnick, JJ.