OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant’s voluntary waiver is established by a finding of fact. That defendant was a patient in the Capital District Psychiatric Center at the time of waiver is not sufficient to meet defendant’s burden of persuasion, the People having shown the legality of the police conduct in the first instance
 
 (People v Di Stefano,
 
 38 NY2d 640, 652). Thus, the finding was not improper.
 

 Nor can we conclude on the present record that the assistance of counsel received by defendant was constitutionally ineffective. Reviewing the trial minutes only, one could conclude that the trial attorney failed properly to interview his expert witness before putting him on the stand, with the result that the expert’s response to questions from the court established that defendant knew his conduct was wrong and understood the nature and consequences of his act in committing the burglary for which he was being tried. Yet unlike the situation in
 
 People v Bennett
 
 (29 NY2d 462), the record shows that trial counsel in the instant case had read the medical records, had contacted a doctor who, as the August 28, 1975 laboratory report in Exhibit A shows, had had previous contact with defendant and who reviewed the hospital records prior to testifying, and phrased his inquiry to the doctor in proper,
 
 *1000
 
 though somewhat inartful, terms. That the doctor testified as he did in answer to questions from the court could evidence ineffective assistance of counsel only if it were shown either that on the available medical evidence another doctor would have testified to the contrary (cf.
 
 People v Aiken,
 
 45 NY2d 394, 400) or that trial counsel in fact had not sufficiently reviewed with the doctor prior to calling him as a witness the record in relation to the governing rules of law. Here, as in
 
 People v Jones
 
 (55 NY2d 771, 773), we cannot conclude that defendant’s counsel was ineffective simply by reviewing the trial record without the benefit of additional background facts that “might have been developed had an appropriate after-judgment motion been made” pursuant to CPL 440.10 (cf.
 
 People v Brown,
 
 45 NY2d 852).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed in a memorandum.