■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK SPERANTSAS, Appellant. [622 NYS2d 442] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered October 14, 1992, convicting defendant, after jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The trial record, unsupported by additional background facts that might have been developed had an appropriate post-judgment motion been made pursuant to CPL 440.10 *(see, People v Love, 57 NY2d 998, 1000),* does not support defendant's claim of ineffective assistance of counsel, but, on the contrary, indicates that trial counsel made appropriate pretrial motions, adequately cross-examined the People's key witness in an attempt to attack credibility and reliability, made objections when warranted, effectively argued on summation that the People's witnesses were incredible, and appropriately moved for a trial order of dismissal. Counsel's concessions in summation, viewed together with all of the circumstances of the case, were tactically well-grounded and hardly show that meaningful representation was not provided *(People v Satterfield, 66 NY2d 796, 799).*

We further find that the court's *Sandoval* ruling did not constitute an abuse of discretion, since the limited questioning permitted was directed to crimes involving "individual dishonesty [that] should usually be admitted on trial of another similar charge, notwithstanding the risk of possible prejudice, because the very issue on which the offer is made is that of the veracity of the defendant as a witness in the case" *(People v Sandoval, 34 NY2d 371, 378).* Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.