■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DAVIS, Appellant. [697 NYS2d 596] —Judgment, Supreme

Court, New York County (Jeffrey Atlas, J.), rendered September 8, 1997, convicting defendant, upon his plea of guilty, of murder in the first degree (2 counts) and attempted murder in the second degree, and sentencing him to two consecutive terms of 20 years to life concurrent with a term of 10 to 20 years, unanimously affirmed.

Defendant claims that he received ineffective assistance of counsel as a result of counsel's advice to defendant to plead guilty rather than pursue a defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]). This type of ineffective assistance claim would require a CPL 440.10 motion in order to amplify the record as to the nature of the advice rendered to defendant and as to counsel's strategic analysis of the case underlying such advice (*People v Love*, 57 NY2d 998; *People v Harris*, 109 AD2d 351, 360). On the existing record, we conclude that defendant has not established "the absence of strategic or other legitimate explanations" for counsel's conduct (*People v Rivera*, 71 NY2d 705, 709), and find that defendant received meaningful representation (*see, People v Ford*, 86 NY2d 397, 404). The defense psychologist's report, when viewed against the factual background, does not establish a viable defense of extreme emotional disturbance. Contrary to defendant's contention, he received a favorable plea arrangement given that he faced a sentence of life without parole in the event of a conviction after trial on one of the first-degree murder counts.

The record, read as a whole, establishes that defendant abandoned his application to withdraw his guilty plea. In any event, defendant had offered only conclusory assertions of having been "pressured" into entering the plea, and these assertions were belied by the transcript of the plea allocution, which clearly establishes that his decision was knowing and voluntary.

We have considered and rejected defendant's remaining claims. Concur—Ellerin, P. J., Nardelli, Lerner, Andrias and Friedman, JJ.