■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAPE NIANG, Appellant. [757 NYS2d 744] —Judgment, Supreme

Court, New York County (William Leibovitz, J.), rendered May 4, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claim should have been raised by way of a CPL 440.10 motion (*see People v Love*, 57 NY2d 998 [1982]) because his argument that counsel provided deficient representation when he asked defendant questions on direct examination that opened the door to damaging evidence depends on whether or not defendant had correctly informed counsel of the pertinent facts and on what other information was available to counsel regarding defendant's prior record.

By failing to object or by making unelaborated objections, defendant failed to preserve his present challenges to the prosecutor's summation (*see People v Harris*, 98 NY2d 452, 492 [2002]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged comments were fair responses to the defense summation and did not shift the burden of proof or deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.