■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD POLANCO, Appellant. [786 NYS2d 437]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered December 6, 2001, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

Defendant argues on appeal that he received ineffective assis-

tance of counsel at his suppression hearing because his attorney failed to make a proper argument for suppression of his statements pursuant to *Payton v New York* (445 US 573 [1980]) and *Dunaway v New York* (442 US 200 [1979]), and failed to call any witnesses in support of such a theory of suppression. This claim is not reviewable because it involves facts outside the record, particularly as to the information available to counsel and the basis for his hearing strategy (*People v Love*, 57 NY2d 998 [1982]). Contrary to defendant's appellate argument, counsel's statements at the end of the hearing do not establish that he should have introduced evidence supporting a *Payton/Dunaway* claim. To the extent that the present record permits review, it strongly indicates that defendant was not prejudiced by counsel's allegedly deficient performance, because there was no viable *Payton/Dunaway* claim (*see e.g. People v Massillon*, 289 AD2d 103 [2001], *lv denied* 97 NY2d 731 [2002]; *People v Carter*, 276 AD2d 347 [2000], *lv denied* 96 NY2d 733 [2001]). There was credible testimony that defendant voluntarily came out of the apartment in question and accompanied the police to the station.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.