■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WILSON, Appellant. [802 NYS2d 168]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered October 4, 2002, convicting defendant, after a jury trial, of gang assault in the second degree and criminal possession of a controlled substance in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of eight years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). After arresting defendant for assaulting an employee of the garage at which defendant had parked a car, and after the garage staff refused to take responsibility for the car and requested that it be removed, the police lawfully impounded the car, ultimately resulting in the lawful recovery of drugs (*see Colorado v Bertine*, 479 US 367, 372, 375-376 [1987]). The police had, at the very least, reason to believe that the car was no longer licensed to remain in the garage, and they knew there was no one present to drive it away. Moreover, defendant himself expressed concern about the car, and when the police replied that they were impounding the car, defendant neither objected nor suggested an alternative.

We have considered and rejected defendant's remaining arguments on the suppression issue.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it primarily involves factual assertions outside the record involving matters of strategy, trial preparation and evidence-gathering, as well as matters turning on the contents of unrecorded sidebar colloquies (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). There is no indication that any of trial counsel's alleged omissions would have affected the verdict.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.