■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VENTURA, Appellant. [818 NYS2d 69]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered February 23, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Gaimari, 176 NY 84, 94 [1903]). The evidence clearly established defendant's participation in the sale.

Defendant's claim that his counsel provided ineffective assistance by failing to make a speedy trial motion is unreviewable on the present record (see People v Love, 57 NY2d 998 [1982]), which does not establish what portion of the delay between defendant's arrest and indictment was excludable, and which contains indications that defendant consented to all or most of that delay (see CPL 30.30 [4] [b]). The other branch of defendant's ineffective assistance claim is refuted by the record, which reveals that counsel had a valid strategic reason for making use of the fact that the police recovered a small amount of cash from defendant, but no prerecorded buy money. Indeed, far from being ineffective in failing to object to testimony that essentially established that no portion of the prerecorded buy money was recovered from defendant, counsel would have been remiss if he had objected to the testimony, which was perfectly proper in any event.

The court properly admitted background testimony regarding the roles played by participants in street-level drug transactions, in order to explain why defendant was not found in possession of buy money (see People v Brown, 97 NY2d 500, 505-507 [2002]). This testimony did not include any improper statistical evidence (compare People v Kelsey, 194 AD2d 248 [1994]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Sweeny and McGuire, JJ.