■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant. [881 NYS2d 359]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on or about April 4, 2008, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.

■ ORIX FINANCIAL SERVICES, INC., Formerly Known as ORIX CREDIT ALLIANCE, INC., Appellant, v OPERATION SHUTTLE, INC., et al., Respondents. [881 NYS2d 295]—An appeal having been taken to this Court by the above-named appellant from an order of the Supreme Court, New York County (Jane S. Solomon, J.), entered April 18, 2008, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the order so appealed from be and the same is hereby affirmed for the reasons stated by Solomon, J., with costs and disbursements. Concur—Mazzarelli, J.P., Andrias, Friedman, Renwick and Freedman, JJ. [*See* 2008 NY Slip Op 31130(U).]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY CORONEL, Appellant. [881 NYS2d 293]—Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered April 5, 2004, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claim is not reviewable on direct appeal, since it is based on conversations between defendant and his attorney that are not reflected in the record (*see People v Love*, 57 NY2d 998 [1982]; *People v Santer*, 30 AD3d 1129 [2006], *lv denied* 7 NY3d 928 [2006]).

We perceive no basis for reducing the sentence, which defendant has completed in any event. To the extent defendant is requesting a reduction of his conviction to a lesser offense, there is no basis upon which to do so (*see People v Velasquez*, 25 AD3d 501 [2006], *lv denied* 6 NY3d 854 [2006]). Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.