■ UPTOWN REALTY UNLIMITED LLC, Appellant, v RAFAEL LOVELACE, Respondent. [908 NYS2d 585]—Order, Supreme Court, New York County (Joan A. Madden, J.), entered March 30, 2009, which denied plaintiff's motion for a default judgment and sua sponte dismissed the complaint without prejudice to the commencement of a new action, unanimously affirmed, without costs.

A stipulation between the parties in another action provided that defendant's counsel in that action must be served with a summons and complaint seeking rent arrears. The motion court properly found that the stipulation was not applicable to this action; it did not waive the requirement of service on defendant and plaintiff was unable to prove service of the instant summons and complaint on defendant. The pro se defendant's opposition to the motion is construed as an application to dismiss the complaint. Concur—Mazzarelli, J.P., Sweeny, Abdus-Salaam and Román, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HAMILTON RHAMO, Appellant. [908 NYS2d 586]—Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered April 7, 2008, convicting defendant, after a jury trial, of assault in the third degree, menacing in the third degree and harassment in the second degree, and sentencing him to an aggregate term of three years' probation, unanimously affirmed.

Defendant's ineffective assistance of counsel arguments are not reviewable on direct appeal since they involve matters outside the record concerning counsel's trial preparation and choice of trial tactics (*see People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance under both the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Abdus-Salaam and Román, JJ.