■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PEREZ, Appellant. [931 NYS2d 558]—

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's strategic choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that the acts or omissions of counsel, either at trial or sentencing, that defendant challenges on appeal fell below an "objective standard of reasonableness" (*Strickland*, 466 US at 688). In any event, we also conclude that none of these acts or omissions, viewed individually or collectively, had a reasonable probability of affecting the outcome, depriving defendant of a fair trial, or obtaining a materially more lenient sentence (*id.* at 694).

"Counsel may not be expected to create a defense when it does not exist" (*People v DeFreitas*, 213 AD2d 96, 101 [1995], *lv denied* 86 NY2d 872 [1995]). There was virtually conclusive evidence of guilt, including the videotapes that defendant made of his own crimes. Viewed in that light, counsel's conduct of the trial was objectively reasonable, and different courses of action could not have produced a better result. Specifically, we find that defendant's attorney said nothing to the jurors that they might have construed as a concession of guilt.

Similarly, given the extreme heinousness of defendant's crimes, counsel provided effective assistance at sentencing under the same standards. Counsel informed the court of mitigating factors, as reflected in a forensic psychologist's report. Counsel employed a reasonable strategy at sentencing by acknowledging defendant's reprehensible conduct while arguing for such mitigation. In any event, defendant was not prejudiced.

The court properly denied defendant's suppression motion. The People established by clear and convincing evidence that defendant voluntarily agreed to permit the police to take a DNA sample and search his home (*see People v Gonzalez*, 39 NY2d 122, 128-131 [1976]). There was no intimidating police conduct, defendant was fully cooperative and signed a consent form, and the length of time defendant was in custody was not unduly coercive.

The counts indicated are dismissed as lesser included offenses of the predatory sexual assault convictions.

We perceive no basis for reducing the sentences on the

remaining counts. Concur—Andrias, J.P., Sweeny, Moskowitz, Richter and Román, JJ.

---

Motion seeking reconsideration of motion to file a pro se supplemental brief denied.