THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVAR HURD, Appellant. [930 NYS2d 871]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The jury could have reasonably concluded that defendant acted with the mental state required for each crime.

The court provided a meaningful response to a jury note. Viewing the record as a whole, we find no reasonable possibility that the jury could have been misled into thinking that the particular mental state for fourth-degree stalking applied to the other crimes (*see People v Simmons*, 15 NY3d 728, 729 [2010]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not fully developed in the record concerning counsel's trial preparation and choice of trial tactics (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur— Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.