Judgment, Supreme Court, Bronx County (Barbara F. Newman, J), rendered March 26, 2010, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of five years, unanimously affirmed.
Defendant’s ineffective assistance of counsel claims are *440 unreviewable on direct appeal because they involve matters not reflected in, or not fully explained by, the trial record concerning counsel’s preparation and strategic choices (see People v Love, 57 NY2d 998 [1982]). These matters include, among other things, counsel’s reasons for considering but not pursuing an intoxication defense. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant has not shown “the absence of strategic or other legitimate explanations” for counsel’s alleged deficiencies (People v Rivera, 71 NY2d 705, 709 [1988]). Furthermore, defendant has not shown that any of these alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. “Counsel may not be expected to create a defense when it does not exist” (People v DeFreitas, 213 AD2d 96, 101 [2d Dept 1995], lv denied 86 NY2d 872 [1995]). Defendant was caught in the act of committing a burglary, to which he also confessed. There is nothing to indicate that he had a viable intoxication defense, or any other viable defense.
The court properly exercised its discretion in denying defendant’s mistrial motion, made after it was determined that a juror had stolen a credit card and MetroCard from another juror. The court conducted a thorough inquiry, in which the victimized juror unequivocally stated that he would be still be able to be fair. Defense counsel expressly agreed to replace only the larcenous juror with an alternate, while retaining the victimized juror, and defense counsel did not request the court to make any inquiry of the remaining jurors. Under the totality of the circumstances, defendant effectively withdrew the mistrial motion that had been made before the inquiry was complete (see People v Albert, 85 NY2d 851 [1995]). In any event, there was no basis for a mistrial. The victimized juror expressly stated that he did not mention the incident to any other jurors, and defendant’s assertion that other jurors may somehow have been tainted is speculative.
We find the sentence not to be excessive. Concur—Tom, J.P., Andrias, Freedman, Román and Gische, JJ.