*436 Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered September 20, 2010, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of eight years, unanimously affirmed.
By failing to object, or by making generalized objections and an equally generalized mistrial motion, defendant failed to preserve his challenges to the prosecutor’s summation (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The challenged remarks were generally permissible comment on the evidence in a case turning on whether the jury should believe police testimony or that of defendant, and the remarks did not improperly shift the burden of proof. The court’s curative actions were sufficient to prevent anything in the summation from causing prejudice. To the extent defendant’s postsummations mistrial motion could be viewed as preserving any issues, we find that the court properly exercised its discretion in denying the motion.
The court also properly exercised its discretion in determining that the jury foreperson’s expressed anxiety about announcing the verdict, about members of the courtroom audience “looking at her,” and about leaving the courthouse after the verdict, did not impair her ability to deliberate fairly and so did not require an inquiry pursuant to People v Buford (69 NY2d 290 [1987]). When viewed in the context of the court’s colloquy with the foreperson earlier in the trial, it is reasonable to infer that all of the foreperson’s concerns related to her discomfort about being the particular juror designated to announce the verdict, and that these concerns had nothing to do with her ability to reach an impartial verdict.
Defendant did not preserve his claim that his right of confrontation was violated by a police chemist’s testimony regarding tests made by a nontestifying chemist, and we decline to review it in the interest of justice. Defendant’s argument that defense counsel’s failure to object to the testimony constituted ineffective assistance of counsel is unreviewable on direct appeal because it involves matters of strategy not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accord *437 ingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Counsel could have reasonably concluded that insisting on production of the temporarily unavailable chemist would accomplish nothing, other than delay, because the absent chemist would most likely provide the standard description of the testing procedure, and that it would be more advantageous to exploit the chemist’s absence on cross-examination and summation. In any event, defendant has not shown that counsel’s actions deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence.
Concur— Gonzalez, EJ., Mazzarelli, Sweeny, Manzanet-Daniels and Clark, JJ.