■ The People of the State of New York, Respondent, v Bello Shehu, Appellant. [995 NYS2d 60]—Judgment, Supreme Court, Bronx County (George Villegas, J.), rendered March 22, 2011, convicting defendant, upon his plea of guilty, of grand larceny in the third degree, and sentencing him to a term of one to three years, with restitution in the amount of $26,000, unanimously affirmed.

Defendant's claim that his counsel rendered ineffective assistance by failing to seek a sentence that allegedly might have avoided defendant's deportation is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). The record establishes that both the court and counsel advised defendant of the deportation consequences of the plea, and defendant's assertion that counsel could have obtained a disposition that might have avoided those consequences is unsupported.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.