The People of the State of New York, Respondent, v Maximo Reinoso, Appellant. [24 NYS3d 68]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered March 21, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to concurrent terms of 4½ years, unanimously modified, on the facts and as a matter of discretion in the interest of justice, to the extent of vacating the possession conviction and dismissing that count of the indictment, and otherwise affirmed.

Although there was overwhelming evidence that defendant sold Suboxone (containing the controlled substance buprenorphine) to an undercover officer, the possession conviction was

based on legally insufficient evidence and was against the weight of the evidence, in that the People failed to prove that defendant unlawfully possessed the 24 additional strips of Suboxone that formed the basis of the charge of possession with intent to sell. The additional strips, recovered on defendant's arrest, were in a box bearing a prescription in defendant's name. Defendant testified that the medication was prescribed for him by a doctor months earlier to treat his arthritis, and the People, who presented no contrary evidence, effectively conceded that defendant had the right to possess this medication on the basis of his prescription. Given these facts and the People's concession, there is no basis for finding that defendant's possession of the unsold medication was unlawful in the first place, even if the evidence supported an inference that defendant intended to sell these drugs as well. We need not decide whether, and under what circumstances, possession of drugs by the holder of a valid prescription might be unlawful.

In any event, defendant would be entitled to a new trial on the possession charge because the court erred in instructing the jury, in its charge on unlawful possession, that "with certain exceptions not applicable here, a person has no right, no legal right to possess buprenorphine." The court's instruction effectively removed the element of unlawfulness from the jury's consideration (*see People v Milhouse*, 246 AD2d 119, 123 [1st Dept 1998]), and this was clearly prejudicial for the reasons already stated. Although defense counsel did not move to dismiss the possession count or object to the instruction, the interest of justice warrants vacatur of this count.

However, we decline to review defendant's unpreserved challenge to the prosecutor's summation in the interest of justice. As an alternative holding, we find no basis for reversal because the challenged remarks, viewed in context, essentially asked the jury to evaluate the credibility of conflicting testimony and did not shift or reduce the People's burden of proof.

Defendant's ineffective assistance of counsel claims, to the extent not rendered academic by our dismissal of the possession count, are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state

and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.