■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAKARY CAMARA, Appellant. [30 NYS3d 92]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered November 14, 2012, as amended December 18, 2012, convicting defendant, upon his plea of guilty, of murder in the first degree, murder in the second degree (two counts), burglary in the first degree (two counts), rape in the first degree and predatory sexual assault (two counts), and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The record does not cast doubt on defendant's mental competency, and the sentencing court was not obligated, sua sponte, to order a CPL article 730 examination based on information in defendant's presentence report (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]). When defendant was arrested, he was taken to Bellevue Hospital for psychiatric evaluation. After extensive observation and testing, the Bellevue staff concluded that defendant was a malingerer who feigned delusions and auditory hallucinations. There is nothing in the record to suggest otherwise. Although the probation officer who prepared the presentence report recommended that defendant undergo a psychiatric assessment, the report contained no basis on which to doubt defendant's competency. In particular, the report cited defendant's self-reporting of auditory command hallucinations, but the Bellevue evaluation had already found that defendant tended to fabricate such symptoms.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that it was objectively unreasonable for counsel to refrain from requesting a CPL article 730 examination at sentencing, or from advocating for a lesser sentence than the court had promised, or that defendant was prejudiced by any of counsel's conduct. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.