■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT SCOTT, Appellant. [44 NYS3d 31]—

Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered February 28, 2013, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and resisting arrest, and sentencing him to an aggregate term of nine years, unanimously affirmed.

The court did not err by instructing the jury that the lawful-

ness of the police stop of defendant was not a question for the jury to decide (*see e.g. People v Murphy*, 284 AD2d 120 [1st Dept 2001], *lv denied* 97 NY2d 685 [2001]). The court's brief and neutral instruction, which was more limited than the version requested by the People, was suitably balanced by other instructions relating to credibility. Nothing in the instruction suggested that the jury should credit the police testimony, or that the court had made a finding in that regard. In any event, any error in this instruction was harmless in light of the overwhelming proof of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not established that he was prejudiced, under either standard, by his counsel's handling of a suppression motion and a disclosure issue related to that motion.

Defendant's Confrontation Clause claim regarding the testimony of a DNA expert is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find it unavailing. Concur—Acosta, J.P., Andrias, Moskowitz and Gische, JJ.