■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY DELGADO, Appellant. [44 NYS3d 434]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered September 17, 2013, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

Defendant claims that defense counsel's failure to object to the admission of evidence in two instances constituted ineffective assistance of counsel. First, he contends that counsel was ineffective in agreeing to the admission of testimony, which defendant asserts was inadmissible hearsay, regarding a fight between defendant and the victim on the day before the homicide. Second, defendant contends that counsel was ineffective for failing to object to the admission of a wanted poster that, in addition to including a photograph that defendant concedes was admissible in isolation to prove his appearance at the time of the crime, stated that he was "responsible for a homicide," gave two aliases and stated defendant's NYSID number.

These ineffective assistance claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including counsel's strategic motivations (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). We are unpersuaded that this is the rare case where the trial record suffices to establish ineffectiveness. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.

To the extent that defendant requests us to consider the above-discussed evidentiary issues as unpreserved claims subject to our interest-of-justice jurisdiction, we decline to review them in the interest of justice.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.