■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL OSPINA, Appellant. [48 NYS3d 126]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered June 12, 2012, as amended December 17, 2012, convicting defendant, after a jury trial, of aggravated vehicular assault, vehicular assault in the first degree, two counts of vehicular assault in the second degree, and two counts of operating a motor vehicle while intoxicated, and sentencing him to an aggregate term of six months, with five years' probation, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the jury's determination that defendant, and not one of the two friends who accompanied him in his car, was driving the car when the collision occurred.

Defendant's claim of ineffective assistance of counsel is

unreviewable on direct appeal because it involves matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). To the extent that the existing record permits review, we find that counsel's performance in failing to move to suppress evidence of defendant's refusal to take a chemical test was not deficient, and that, in any event, there is no reasonable probability that the outcome would have been different if the evidence had been suppressed (*see Strickland v Washington*, 466 US 668, 694 [1984]).

Defendant's argument that the trial judge excessively interfered in the questioning of witnesses is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the court's participation, while sometimes extensive, did not deprive defendant of a fair trial (*see e.g. People v Melendez*, 31 AD3d 186, 197 [1st Dept 2006], *lv denied* 7 NY3d 927 [2006]). Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.