■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIS RIVERS, Appellant. [50 NYS3d 274]—

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered January 18, 2013, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts), burglary in the first degree and burglary in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 17 years, unanimously affirmed.

Defendant's challenges to the prosecutor's summation are

unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The prosecutor never suggested that certain DNA evidence, which was unidentifiable, linked defendant to the crime, and defendant's assertion that the prosecutor made the kind of misrepresentations described in *People v Wright* (25 NY3d 769 [2015]) is meritless. The other remarks challenged by defendant, either directly or as part of his ineffective assistance claim, were fair responses to the defense summation, and they did not shift the burden of proof or improperly appeal to the jurors' sympathies (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Regardless of whether defendant's attorney should have raised the issues presently suggested by defendant, his failure to do so did not cause him any prejudice. Furthermore, we do not find that any lack of preservation may be excused on the ground of ineffective assistance. Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.