The People of the State of New York, Respondent, v Joan Vasquez, Appellant. [51 NYS3d 402]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered June 26, 2007, as amended May 9, 2013, convicting defendant, after a jury trial, of burglary in the first degree (two counts), robbery in the first degree and robbery in the second degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, relating to counsel's strategy, preparation and thought processes (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]), and we reject defendant's argument that trial counsel's ineffectiveness is apparent on the face of the record. Although defendant made a CPL 440.10 motion claiming ineffectiveness, the motion was based on events that had allegedly occurred before trial, and it did not raise any of defendant's present arguments; in any event, the motion was denied

and a justice of this Court denied leave to appeal. Accordingly, the merits of defendant's ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that either of counsel's alleged errors fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.