THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DEJESUS-PLAZA, Appellant. [55 NYS3d 14]—

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered January 20, 2016, as amended July 25, 2016, convicting defendant, after a jury trial, of assault in the first degree (two counts) and assault in the third degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown

that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. In particular, counsel's deliberate elicitation, in an effort to discredit the police investigation, of evidence that would otherwise be inadmissible was both objectively reasonable and nonprejudicial (see e.g. People v Steel, 207 AD2d 744, 744-745 [1st Dept 1994], lv denied 84 NY2d 1039 [1995]). Similarly, to the extent the record permits review, we reject defendant's claim that counsel rendered ineffective assistance by failing to preserve certain issues, and we do not find that any lack of preservation may be excused on the ground of ineffective assistance.

The court properly completed the trial in defendant's absence, after conducting a sufficient inquiry to determine that the absence was deliberate and that defendant thus forfeited his right to be present at trial (see People v Redzeposki, 7 NY3d 725 [2006]; People v Mejia, 268 AD2d 286 [1st Dept 2000], lv denied 95 NY2d 837 [2000]). Defendant, who had been attending the trial, failed to appear on the day that the court was scheduled to charge the jury. There was no reason to believe defendant's absence had resulted from some event beyond his control, and his family believed that he had gone to see his son in Pennsylvania. Furthermore, defendant's continued failure to appear confirmed the deliberate nature of his absence.

Defendant did not preserve his challenges to the prosecutor's summation and to the court's response to a jury note, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.