People v Papanye (2018 NY Slip Op 01562)





People v Papanye


2018 NY Slip Op 01562


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5951 3902/12

[*1]The People of the State of New York, Respondent,
v
Asinyefigh Papanye, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered November 28, 2012, convicting defendant, upon his plea of guilty, of forgery in the second degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including counsel's plea bargaining strategy and evaluation of the likelihood of success of suppression issues (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards by negotiating a favorable disposition (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ford, 86 NY2d 397, 404 [1995]; Strickland v Washington, 466 US 668 [1984]).
Defendant's excessive sentence argument is moot because he has completed the prison and parole components of his sentence (see People v Alexander, 148 AD3d 521 [1st Dept 2017]). Even assuming, arguendo, that defendant's request for a reduction of his already-completed sentence to 364 days is not moot because such relief would affect his deportation situation, we perceive no basis for reducing the sentence. Defendant's cruel and unusual punishment argument is unpreserved and without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK