People v Maitland (2018 NY Slip Op 01668)





People v Maitland


2018 NY Slip Op 01668


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6024 3116/13

[*1]The People of the State of New York, Respondent,
v
Sherman Maitland, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Matthew A. Wasserman of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Ramandeep Singh of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered June 9, 2015, as amended June 23, 2015, convicting defendant, after a nonjury trial, of rape in the third degree (four counts), criminal sexual act in the third degree (two counts) and endangering the welfare of a child, and sentencing him to an aggregate term of three years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera , 71 NY2d 705, 709 [1988]; People v Love , 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under both the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]), particularly in the context of a nonjury trial. Defendant has not established that his counsel's cross-examination of a forensic examiner was either unreasonable or prejudicial, or that he was entitled to a missing witness charge.
Defendant's contention that certain counts were multiplicitous is unpreserved and we decline to review it in the interests of justice. Alternatively, we find that the challenged counts were not multiplicitous, and that no corrective action need be taken in any event because the court sentenced defendant to concurrent terms of imprisonment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK