People v Pabon (2018 NY Slip Op 08434)





People v Pabon


2018 NY Slip Op 08434


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Oing, Moulton, JJ.


7839 3616/09

[*1]The People of the State of New York, Respondent,
v
Joseph Pabon, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered June 5, 2012, convicting defendant, after a jury trial, of murder in the second degree and kidnapping in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy not reflected in, or fully explained by, the record (see People v Rivera , 71 NY2d 705, 709 [1988]; People v Love , 57 NY2d 998 [1982]). We reject defendant's argument that the present record is sufficient to establish the absence of reasonable strategic explanations for the conduct by counsel of which defendant complains. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Defendant has not shown that counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. We note that the People presented overwhelming circumstantial evidence that was independent of the DNA evidence and police testimony underlying the ineffective assistance claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK