People v Carr (2019 NY Slip Op 00389)





People v Carr


2019 NY Slip Op 00389


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, Singh, JJ.


8166 4927/09

[*1]The People of the State of New York, Respondent,
v
Phillip Carr, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Robin Nichinsky of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Rafael Curbelo of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J. at witnesses' guilty pleas; Ann M. Donnelly, J. at jury trial and sentencing), rendered July 20, 2012, convicting defendant of murder in the second degree, attempted murder in the second degree, assault in the first and second degrees and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
Defendant did not preserve his claim that the trial court erred in admitting the unredacted plea minutes of two cooperating witnesses, and we decline to review it in the interest of justice. As an alternative holding, we find any error to be harmless. The witnesses' plea colloquies were received at defendant's trial for the legitimate purpose of setting forth the cooperation agreements under which they testified against defendant in return for lenient treatment on their own cases (unrelated to the instant case). However, as the People concede, remarks by the plea court that could be viewed as expressing an opinion on this defendant's guilt and the dangers of testifying against him should have been redacted. Nevertheless, the error was harmless (see People v Crimmins, 36 NY2d 230 [1975]). There was overwhelming evidence of defendant's guilt, even without considering any of the evidence claimed by defendant to be inadmissible hearsay, as discussed below. Eyewitness identifications by the two cooperating witnesses and the mother of one of these witnesses were corroborated by strong circumstantial evidence.
The court providently exercised its discretion in admitting an officer's testimony that immediately after the shooting, an unidentified woman in a minivan, who was "hysterical," leaned out of the window and screamed, "That's him with the black hoody running. He was shooting over there," pointing in the direction of the shooting. As the People argued, and as the court implicitly ruled (see People v Nicholson, 26 NY3d 813, 825 [2016]), this was admissible, as evidence in chief, as an excited utterance (see People v Johnson, 1 NY3d 302, 306 [2003]). There were surrounding circumstances, including the time factors and the declarant's direction of travel, "from which a reasonable trier of fact could infer that the declarant personally observed the incident" (People v Cummings, 31 NY3d 204, 211 [2018]), and that she was not passing along information from someone else.
Defendant did not preserve his claims that the court improperly received implied or nonverbal hearsay from two other declarants, that certain limiting instructions should have been given, or that the evidence relating to all three declarants violated his right of confrontation, and we decline to review them in the interest of justice. As an alternative holding, we find that the evidence relating to the two additional declarants (as well as the evidence alternatively admissible as an excited utterance) was admissible, not for its truth, but for legitimate nonhearsay explanatory purposes that outweighed any prejudicial effect (see People v Johnson, 117 AD3d 637, 639 [1st Dept 2014], lv denied 26 NY3d 930 [2015]), that all of defendant's Confrontation Clause claims are without merit, and that, in any event, any constitutional or nonconstitutional error relating to alleged hearsay evidence was harmless, for the reasons already stated.
Defendant's claim under People v O'Rama (78 NY2d 270 [1991]) is unpreserved and without merit. The jury note in question was an unambiguous, ministerial request for exhibits that the parties had agreed could be given to the jury without notice to counsel.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. Although trial counsel is deceased, defendant could have made a 440.10 motion at any time after the sentencing, which occurred long before counsel's death. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Specifically, defendant has not shown that the verdict would have been different even if counsel had made all the objections defendant now faults him for failing to make, and if all of those objections had been successful.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK