People v Bui (2020 NY Slip Op 06403)





People v Bui


2020 NY Slip Op 06403


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Ind No. 3385/17 3385/17 Appeal No. 12315 Case No. 2019-04019 

[*1]The People of the State of New York, Respondent,
v
Huey Bui, Defendant-Appellant.


Keum & Associates, PLLC, New York (Jonathan Rosenberg of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered June 5, 2019, convicting defendant, after a jury trial, of assault in the second degree, vehicular assault in the second degree, operating a motor vehicle while under the influence of alcohol or drugs and assault in the third degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The court properly denied defendant's motion to suppress his statements. Miranda warnings were not required for defendant's initial statements in an emergency room, because defendant was not in custody (see e.g. People v Thomas, 13 AD3d 259, 260 [1st Dept 2004], lv denied 5 NY3d 770 [2005]. The record also supports the court's finding that regardless of the admissibility of the initial statements, the statements defendant made after Miranda warnings approximately two hours later were attenuated from the initial statements (see People v Paulman, 5 NY3d 122, 130-31 [2005]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020