People v Robinson (2021 NY Slip Op 06454)





People v Robinson


2021 NY Slip Op 06454


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Ind No. 2232/09 Appeal No. 14640 Case No. 2015-953 

[*1]The People of the State of New York, Respondent,
v
Stephen Robinson, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Richard Joselson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered February 10, 2014, convicting defendant, after a jury trial, of five counts of predatory sexual assault and four counts of sexual abuse in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 50 years to life, unanimously affirmed.
The court providently exercised its discretion in admitting evidence of two of defendant's prior sex crimes. The charged and uncharged crimes shared enough distinctive aspects to establish a pattern that was probative of defendant's identity (see People v Beam, 57 NY2d 241, 253 [1982]; People v Swinton, 87 AD3d 491, 493 [1st Dept 2011], lv denied 18 NY3d 862 [2011]). Although the crimes were not identical, "[i]t is not necessary that the pattern be ritualistic for it to be considered unique; it is sufficient that it be a pattern which is distinctive" (Beam, 57 NY2d at 253). The probative value of this evidence outweighed its prejudicial effect, which was minimized by the court's limiting instructions. In any event, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant did not preserve his arguments relating to the scope of the uncharged crimes evidence, his claims regarding the court's amendment of its Sandoval ruling before defendant testified and related matters, or his constitutional challenges to a DNA expert's testimony, and we decline to review them in the interest of justice. As an alternative holding, we find these arguments unavailing. In any event, to the extent there were any errors, they were likewise harmless.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021