People v Reyes (2022 NY Slip Op 02635)

People v Reyes

2022 NY Slip Op 02635

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Ind. No. 3332/18 Appeal No. 15762 Case No. 2021-01613 

[*1]The People of the State of New York, Respondent,
v
Juan C. Reyes, Defendant-Appellant.

Marianne Karas, Thornwood, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Shi of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen M. Statsinger, J. at plea; Althea E. Drysdale, J. at sentencing), rendered October 8, 2020, convicting defendant of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 4½ years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, particularly with regard to off-the-record discussions (see People v Love , 57 NY2d 998 [1982]). Although defendant made a CPL 440.10 motion, it involved different claims from those now being raised. Accordingly, the merits of the present ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies caused him any prejudice.
Defendant made a valid waiver of his right to appeal, which forecloses review of his excessive sentence claim. In any event, we find that the court providently exercised its discretion in imposing an enhanced sentence based on defendant's arrest and conviction of a new crime, and we perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022