People v Debellis (2022 NY Slip Op 03330)

People v Debellis

2022 NY Slip Op 03330

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 

Ind. No. 2125/18 Appeal No.15979 Case No. 2020-00006 

[*1]The People of the State of New York, Respondent,
v
Anthony Debellis, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Daniel J. Young of counsel), for respondent.

Judgment, Supreme Court, Bronx County (David L. Lewis, J.), rendered October 3, 2019, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and criminal possession of a firearm, and sentencing him to an aggregate term of seven years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant was not deprived of effective assistance (see People v Benevento, 91 NY2d 708, 713-14 [1998]; Strickland v Washington, 466 US 668 [1984]) as the result of his counsel's failure to request a jury instruction on the exemption from firearms possession laws for a person who voluntarily surrenders a weapon to the police (Penal Law § 265.20[a][1][f]). There was no reasonable view of the evidence that defendant's conduct satisfied the requirements of that statute, and as a result counsel's failure to request such an instruction did not constitute ineffective assistance (see People v Caban, 5 NY3d 143, 152 [2005]). In any event, even if counsel should have made that request, defendant has not demonstrated prejudice, because there is no reasonable possibility that the outcome of the trial would have been different. Defendant's actions and statements before and during his arrest, including denying having a weapon, were utterly incompatible with his incredible testimony that he happened to be stopped by the police while driving to a police station to surrender his pistol as part of a buyback program.
Defense counsel did not create a conflict of interest with respect to defendant's pro se motion to set aside the verdict by making a brief and conclusory remark that he believed that he had provided effective assistance. Counsel never went beyond "defending his performance" (People v Washington, 25 NY3d 1091, 1095 [2015]). "Furthermore, through its own familiarity with the case, the court readily recognized the motion's lack of merit, independently of anything said by counsel" (People v Torres, 159 AD3d 473 [1st Dept 2018], lv denied 31 NY3d 1088 [2018]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022