■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE LEWIS, Appellant. [50 NYS3d 865]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered February 17, 2012, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

Defendant's challenges to the People's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted permissible rhetoric that fairly commented on the evidence and responded to defense arguments, that to the extent there were any improprieties they were not so egregious as to compel reversal, and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received

effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Furthermore, we do not find that any lack of preservation may be excused on the ground of ineffective assistance.

Defendant's pro se claim regarding a material witness proceeding, and his pro se Confrontation Clause claim are waived or unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.