People v Laureano (2018 NY Slip Op 00118)





People v Laureano


2018 NY Slip Op 00118


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5416 3411/11

[*1]The People of the State of New York, Respondent,
v
Miguel Laureano, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Clara H. Salzberg of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Joseph J. Dawson, J.), rendered May 16, 2014, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees, and sentencing him to an aggregate term of five years, unanimously affirmed.
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters of trial strategy not fully explained by the record (see People v Rivera , 71 NY2d 705, 709 [1988]; People v Love , 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of his claim may not be addressed on appeal.
As an alternative holding, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome of the case. We note that although counsel's opening statement set forth a hypothesis of innocence, counsel never "promised" that this hypothesis would be developed by any particular means. Furthermore, he emphasized that his client was not required to testify or meet any burden of proof.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK