People v Lyons (2018 NY Slip Op 07258)





People v Lyons


2018 NY Slip Op 07258


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7477 3160/13

[*1]The People of the State of New York, Respondent,
v
Chadd Lyons, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered March 27, 2015, convicting defendant, after a jury trial, of burglary in the second degree, possession of burglar's tools and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously affirmed.
Defendant did not preserve his present challenge to the court's response to a jury note. At a colloquy about the court's response, defense counsel alluded, at most (see People v Borrello, 52 NY2d 952 [1981]), to the principle that he now claims should have been charged to the jury, but he never directly and clearly made such a request. Furthermore, when the court announced the instruction it intended to deliver, counsel agreed to that instruction, and after the court delivered it to the jury, counsel specifically said he had no exceptions or further requests to charge. Thus, counsel did nothing to alert the court that its charge had not addressed the concerns raised at the colloquy (see People v Lewis, 5 NY3d 546, 551 [2005]; People v Whalen, 59 NY2d 273, 280 [1983]; People v Lipton, 54 NY2d 340, 341 [1981]).
We decline to review this claim in the interest of justice. As an alternative holding, we find that the court provided a meaningful response that was legally accurate, responsive to the jury's question and fully consistent with the principle that an intent to commit a trespass, like an unlawful entry into one of the apartments of the building in question, could not, by itself, satisfy the intent element of burglary.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we [*2]find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK