People v Robinson (2019 NY Slip Op 00565)





People v Robinson


2019 NY Slip Op 00565


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8236 5817/13 2829/15

[*1]The People of the State of New York, Respondent,
v
Ramel Robinson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered April 8, 2016, convicting defendant, after a jury trial, of kidnapping in the second degree, witness tampering in the third degree (three counts), criminal mischief in the fourth degree, endangering the welfare of a child and aggravated harassment in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 29 to 33 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the kidnapping conviction from 25 years to 10 years, resulting in an aggregate term of 14 to 18 years, and otherwise affirmed.
Defendant's legal sufficiency claim regarding the kidnapping is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence overwhelmingly established that defendant intended to prevent his five-year-old niece's liberation by secreting her or holding here where she was not likely to be found (see Penal Law § 135.00[2][a]; People v Denson, 26 NY3d 179, 189 [2015]). There is no basis for disturbing the jury's credibility determinations. Among other things, defendant, who was seeking revenge against the victim's mother, took the victim to stay at his girlfriend's motel, a location unknown to the victim's mother, and did not return her or disclose her whereabouts when the victim's mother and other family members repeatedly contacted him. Although at some points defendant left the victim with his girlfriend, defendant expected his girlfriend to assist him in secreting the victim. Similarly, although at other points defendant took the victim to various locations, including public places, the circumstances rendered it unlikely that she would be found.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Contrary to defendant's arguments, the record is insufficient to establish that counsel's choices regarding his opening statement and requests to charge resulted from his misapprehension of the facts and law. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. In particular, there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense of unlawful imprisonment in the second degree, and counsel cannot be faulted for failing to request it (People v Caban, 5 NY3d 143, 152 [2005]). In any [*2]event, defendant has not shown a reasonable probability that the court would have submitted that offense, that the jury would have accepted it, or
that a different opening statement would have affected the verdict.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK