People v Diaz (2019 NY Slip Op 01146)





People v Diaz


2019 NY Slip Op 01146


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


8402 3628/12

[*1]The People of the State of New York, Respondent,
v
Richard Diaz, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Benjamin M. Rose of counsel), and Dechert LLP, New York (David N. Kelley of counsel), for appellant.
Richard Diaz, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Beth Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered September 11, 2015, convicting defendant, after a jury trial, of robbery in the second degree and criminal impersonation in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims relating to colloquies regarding defendant's absence from trial and to an incident involving a juror are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
With regard to counsel's candid responses to the court's inquiries about defendant's absence from court, counsel's conduct was consistent with his ethical duties, and he neither became a witness against his client nor was otherwise ineffective (see People v Maisonette, 234 AD2d 27 [1st Dept 1996], lv denied 89 NY3d 1013 [1997]). Furthermore, defendant had no legitimate interest in absconding from trial. Accordingly, to the extent the record permits review, it does not establish that counsel's conduct was either unreasonable or prejudicial.
Defendant did not preserve his contention that the court should have discharged a juror or conducted further inquiry into whether the juror was grossly unqualified on account of his failure to disclose a pending criminal case against him, and we decline to review this claim in the interest of justice. As an alternative holding, we find the claim to be without merit. The court conducted a sufficient inquiry into the matter, which provided no basis for a finding that the juror was grossly unqualified (see People v Mejias, 21 NY3d 73, 79-80 [2013]; People v Buford, 69 NY2d 290, 299 [1987]).
As noted, defendant's contention that his attorney rendered ineffective assistance by failing to object to the juror's continued participation is likewise unreviewable on the existing limited record. To the extent the record permits review, we find that counsel acted reasonably, in light of the court's own extensive inquiry, the lack of any evidence of gross disqualification, and the possibility that the juror's own status as a defendant might have rendered him more favorable [*2]to the defense. Furthermore, defendant has not established any prejudice.
We have considered and rejected defendant's pro se claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK