People v Encarnacion (2020 NY Slip Op 06067)





People v Encarnacion


2020 NY Slip Op 06067


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Ind No. 1115/14 Appeal No. 12183 Case No. 2017-255 

[*1]The People of the State of New York, Respondent,
v
Manuel Encarnacion, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (David Bernstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Deborah L. Morse of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 23, 2016, convicting defendant, after a jury trial, of predatory sexual assault against a child and course of sexual conduct against a child in the first degree, and sentencing him to concurrent terms of 20 years to life and 20 years, unanimously modified, on the law, to the extent of vacating the course of sexual conduct conviction and dismissing that count, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). The jury could have reasonably concluded that there were satisfactory explanations for inconsistencies in the victim's testimony and the other factors cited by defendant as allegedly undermining her credibility.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including matters of strategy (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
As the People concede, defendant's conviction of course of sexual conduct against a child should be vacated as an inclusory concurrent count.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020