People v Vega (2021 NY Slip Op 00912)





People v Vega


2021 NY Slip Op 00912


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Ind No. 903/18 903/18 Appeal No. 13109 Case No. 2019-3868 

[*1]The People of the State of New York, Respondent,
v
Jason Vega, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered March 18, 2019, convicting defendant, after a jury trial, of burglary in the second and third degrees, attempted burglary in the second degree and criminal trespass in the second degree, and sentencing him, as a second violent felony offender, to consecutive terms of 10 years on the second-degree burglary conviction, 5 years on the attempted burglary conviction and 2 to 4 years on the third-degree burglary conviction, concurrent with a term of 1 year on the criminal trespass conviction, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently, resulting in a new aggregate term of 10 years, and otherwise affirmed.
The court providently admitted recordings of phone calls defendant made while in custody. The excerpts at issue were admissions of guilt that were directly relevant to the crimes with which defendant was charged (see People v Frumusa, 29 NY3d 364, 370 [2017]), and any references to defendant's criminal past were part of the context of the admissions. The only reference to a specific uncharged crime was a mention of a burglary defendant committed six years earlier, but this was in the context of comparing his behavior during that burglary with one of the charged crimes. Thus, each of the challenged excerpts tended, by way of an admission, to prove that defendant was the person who committed one or more of the charged crimes. In any event, the probative value of the excerpts at issue outweighed any prejudicial effect.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy and trial preparation not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they
deprived defendant of a fair trial or affected the outcome of the case.
We find the sentence excessive to the extent indicated. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021