People v Rojan (2021 NY Slip Op 05308)





People v Rojan


2021 NY Slip Op 05308


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Ind. No. 3580/16 Appeal No. 14275 Case No. 2019-820 

[*1]The People of the State of New York, Respondent,
v
Ryan Rojan, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered December 18, 2018, convicting defendant, after a jury trial, of attempted robbery in the first degree and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's conduct in waving a box cutter and pointing it at the victim while demanding money supports the conclusion that he threatened the use of a dangerous instrument and came dangerously close to committing robbery (see e.g. People v Tejada, 158 AD3d 443 [1st Dept 2018], lv denied 31 NY3d 1088 [2018]; People v Sharma, 112 AD3d 494, 495 [1st Dept 2013], lv denied 23 NY3d 1025 [2014]).
The record establishes that the attorney assigned to represent defendant at sentencing rendered effective assistance (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Counsel explained that he had given defendant all transcripts relevant to a CPL 330.30 motion to set aside the verdict, and when defendant accused him of lying to the court, counsel advised the court that he had explained to defendant that defendant could file any motion he wanted. Counsel also said that he explained to defendant that a 440 motion was "more appropriate" than a CPL 330.30 motion based on defendant's complaints. Counsel also clarified that defendant's arguments were appropriately raised in a CPL article 440 motion, which did not suggest that his arguments lacked merit. Counsel otherwise advocated effectively on defendant's behalf at sentencing and cited his mental health issues in support of seeking a minimum sentence.
Defendant's ineffectiveness claims relating to other counsel who represented him at trial are unreviewable on direct appeal because they require an inquiry into the strategic reasons for counsel's conduct, which are not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards at trial as well. To the extent that, independent of his ineffectiveness claims, defendant is seeking reversal on the basis of trial error, his claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
Defendant's challenges to evidence that allegedly bolstered the victim's identification testimony are also unpreserved and we decline to review them in the interest of justice. As an alternative holding, [*2]we find that any error was harmless because defendant did not dispute that he and the victim knew each other, so there was no risk of improperly bolstering the identification.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021