People v Shutsha (2021 NY Slip Op 06562)





People v Shutsha


2021 NY Slip Op 06562


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Ind. No. 2869/14 Appeal No. 14689 Case No. 2018-03231 

[*1]The People of the State of New York, Respondent,
v
Sekou Shutsha, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene Goldberg, J.), rendered September 6, 2018, as amended September 26, 2018, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury could have reasonably concluded that even if defendant was behaving irrationally during the incident, he still had the intent to use a scissors unlawfully against other persons, at least for the purpose of committing the crime of menacing.
Defendant's challenge to the court's response to a jury note is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy not reflected in, or fully explained by, the record, including the decision not to assert a defense of mental disease or defect (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021