People v Niles (2021 NY Slip Op 06967)





People v Niles


2021 NY Slip Op 06967


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Ind. No. 4941/15 Appeal No. 14841 Case No. 2018-2150 

[*1]The People of the State of New York, Respondent,
v
Paul Niles, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgement, Supreme Court, New York County (Gregory Carro, J.), rendered October 10, 2017, convicting defendant, after a jury trial, of rape in the first degree, robbery in the second degree and strangulation in the second degree, and sentencing him to an aggregate term of 40 years, unanimously affirmed.
The record supports the court's finding, based in part on a videotape of the interrogation, that defendant's statement was voluntarily given, so as to permit its use for impeachment purposes (see People v Wilson, 28 NY3d 67, 72 [2016]). There is no evidence of police coercion, or that the voluntariness of the statement was undermined by defendant's mental condition, and under the totality of the circumstances his statement was voluntarily made (see People v Williams, 279 AD2d 276, 276-277 [1st Dept 2001], affd 97 NY2d 735 [2002]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
We have considered and rejected defendant's pro se claims.
M-2021-3898 People v Paul Niles
Motion by defendant, pro se, to file a
supplemental reply brief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021