People v Watkins (2022 NY Slip Op 03801)

People v Watkins

2022 NY Slip Op 03801

Decided on June 09, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 09, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Shulman, Rodriguez, JJ. 

Ind. No. 4292/16 Appeal No. 16111 Case No. 2018-04254 

[*1]The People of the State of New York, Respondent,
v
Mark Watkins, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered March 26, 2018, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 13 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's determinations regarding identification and credibility (see People v Schulz, 4 NY3d 521, 530 [2005]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not fully explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that it was objectively unreasonable for counsel to refrain from requesting a jury charge on cross-racial identification. We note that the Court of Appeals had not yet decided People v Boone (30 NY3d 521 [2017]), where it recognized a right to such a charge, on request. Defendant has also not shown that such a request would have been granted at the time of the trial, or that the absence of such a charge affected the outcome of the case. Insofar as defendant separately argues that the court erred in failing to give such a charge, that argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we similarly find no reasonable probability that the absence of that charge affected the verdict (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2022