People v Ruiz (2025 NY Slip Op 00196)

People v Ruiz

2025 NY Slip Op 00196

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind. No. 1938/19 Appeal No. 3487 Case No. 2020-01526 

[*1]The People of the State of New York, Respondent,
v
Jordan Ruiz, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Gilbert Hong, J.), rendered January 7, 2020, convicting defendant, after a jury trial, of burglary in the second degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, NY3d , 2024 NY Slip Op 05244 [2024]). We perceive no basis to disturb the jury's credibility determinations. The circumstantial evidence shows defendant knowingly and unlawfully entered the apartment building and maintenance office after hours with the intent to commit a crime (see People v Thomas, 203 AD3d 634, 635 [1st Dept 2022], lv denied 38 NY3d 1136 [2022]). The evidence established that there was no lawful way for him to have entered, and that he had no license or privilege to be inside. Defendant does not dispute that the maintenance office was "both a separate building in itself and a part of the main (residential) building," which meets the statutory definition of a dwelling (see Penal Law § 140.00 [2], [3]). The temporal proximity between defendant's unlawful entry into the office and the taking of the cell phone provided ample basis for the jury to conclude that defendant entered with the intent to commit a crime once inside (see Thomas, 203 AD3d at 635). The jury was entitled to reject the implausible reason he gave to a building employee for his presence (see People v Romero, 101 AD3d 560 [1st Dept 2012], lv denied 20 NY3d 1103 [2013]).
Defendant's claim that his attorney rendered ineffective assistance is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998, 999-1000 [1982]). Accordingly, since defendant did not raise his challenge to his counsel's performance regarding suppression of the photographic identification in his CPL 440.10 motion, and since this Court denied leave to appeal the denial of his CPL 440.10 motion claiming that his counsel was ineffective for failing to introduce evidence that an employee's fingerprints were found in the maintenance office, the merits of those arguments may not be addressed on appeal. As an alternative holding, to the extent that the existing record permits review, we find that defendant received effective assistance under state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
We have considered the claims in defendant's pro se brief, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025